IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MISTY N. FARMER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-494-P |
| | § | |
| MICHAEL CARR, Warden,[1] | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Misty N. Farmer, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a 120-month term of imprisonment on her 2018 conviction for possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine in the United States District Court for the District of New Mexico, Case No. 5:18CR00808-001JBM. Resp't's App. 10, ECF No. 13. By way of this petition, Petitioner seeks dismissal of pending charges filed in the state of New Mexico on January 30, 3018, in Case No. M-17-FR-201800035, or an order that any subsequent state sentence assessed in that case runs concurrently with her federal sentence.

---

[1] Michael Carr is the current warden at FMC-Carswell and is automatically substituted as the party respondent. FED. R. CIV. P. 25(d).

Pet. 5, ECF No. 7; Resp't's App. 18, ECF No. 13. Respondent argues that the petition should be dismissed based on Petitioner's failure to exhaust the prison's administrative remedies or denied because she is not entitled to the relief requested. Resp't's Resp. 1, ECF No. 12. The parties have not informed the Court as to whether Petitioner has sought and completed any available prison administrative remedies since Respondent's responsive pleading was filed or advised the Court regarding the current status of the pending state criminal case. Because adherence to the exhaustion requirement would serve no purpose other than further delay, the undersigned considers Petitioner's claim.

**II. DISCUSSION**

Under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The federal criminal judgment in this case is silent as to whether Petitioner's 120-month federal sentence was to run concurrently with or consecutively to any state sentence to which she might be subject. Resp't's App. 11, ECF No. 13. Such silence invokes the presumption that the federal sentence would be consecutive to any term of imprisonment imposed at a different time. *See* 18 U.S.C. § 3584(a); *United States v. Hernandez,* 234 F.3d 252, 256-57 (5th Cir. 2000). Thus, when a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively, unless the district court specifically orders that they run concurrently. *Jones v. Joslin,* 635 F.3d 673, 674 (5th Cir. 2011); *Free v. Miles,* 333 F.3d 550,

553 (5th Cir. 2003). Neither this Court nor the BOP are bound by a state court's order to the contrary.

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

A certificate of appealability is not required to appeal a case under 28 U.S.C. § 2241. If Petitioner files a notice of appeal, she must pay the $505.00 appellate filing fee or submit an application to proceed *in forma pauperis* and a properly signed certificate of inmate trust account, or institutional equivalent.

**SO ORDERED** on this 9th day of December, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE